TRANSAMERICA INSURANCE COMPANY, Plaintiff–Appellee,

v.

Ronald M. SOUTH, David L. Domnick, First Financial Group of Illinois, et al., Defendants.

Appeal of PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY, Intervening Defendant–Appellant.

No. 95–2224.

United States Court of Appeals, Seventh Circuit.

Oct. 21, 1996.

Before BAUER, Circuit Judge, CUDAHY, Circuit Judge and FLAUM, Circuit Judge.

### ORDER

Transamerica Insurance Company filed a petition for rehearing with suggestion for rehearing en banc on July 30, 1996. Phoenix Home Life Mutual Insurance Company filed an answer to the petition on August 14, 1996.

---

The petition for rehearing is granted and the case is set for additional briefing and for re-argument at an appropriate time. Transamerica Insurance is to file a main brief by November 15, 1996. Phoenix Home Life Mutual Insurance is to file a main responsive brief by December 13, 1996. Transamerica may file a reply brief by December 29, 1996. This case will then be scheduled for oral argument before this panel. Main briefs shall be no longer than 25 pages. The reply brief shall be no longer than 15 pages.

The parties may address whatever issues they regard as relevant but they must respond to the following issues:

1. Phoenix in its prior briefs and oral argument made the argument that the language contained in Exclusion XII. applied only if "the INSURED" (Domnick) had "placed or obtained coverage". Since Domnick had not done this, the exclusion did not apply to his claim. Transamerica now argues that the "placed or obtained coverage" clause is inapplicable and, that only the "placed the funds of a client" clause does apply. Therefore, Transamerica argues that the argument based on reference to "the INSURED" is not applicable. Transamerica has not made this argument before. Has this argument been waived?

2. The opinion issued on July 16, 1996 referred to "insurance policies" rather than (correctly) to "annuity contracts". Does it necessarily follow from this that the appropriate clause of the exclusion is the one involving "funds" rather than the one involving "coverage"? Is this matter ambiguous? If ambiguous, should it be construed against Transamerica?

As indicated above, the parties may also address other questions that they deem relevant.